UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER ARROTTA, LEON
PETERS, and DONOVAN HOLLIET, JR.,

                    Plaintiffs,

     v.                                                              9:22-CV-0638
                                                                        (GLS/TWD)

ULSTER COUNTY SHERIFFS
DEPARTMENT/EMPLOYEES et al.,

                    Defendants.

---

APPEARANCES:

CHRISTOPHER ARROTTA
Plaintiff, pro se
26360
Ulster County Jail
380 Boulevard
Kingston, NY 12401

LEON PETERS
Plaintiff, pro se
22-R-1965
Ulster Correctional Facility
P.O. Box 800
Berme Road
Napanoch, NY 12458

DONOVAN HOLLIET, JR.
Plaintiff, pro se
65913
Ulster County Jail
380 Boulevard
Kingston, NY 12401

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

## I.  INTRODUCTION

Pro se plaintiffs Christopher Arrotta, Leon Peters, and Donovan Holliet, Jr. commenced this action in the United States District Court for the Southern District of New York asserting claims arising out of their confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at Ulster County Jail ("Ulster C.J."). Dkt. No. 4 ("Compl."). At the time plaintiffs filed the complaint, they also applied to proceed in the action in forma pauperis (IFP). Dkt. Nos. 1, 2, 3. On June 8, 2022, the Southern District transferred this matter to this District because all of the facts giving rise to plaintiffs' claims occurred in Ulster County, which is located in this District. Dkt. No. 8

In a Decision and Order filed on July 6, 2022 (the "July Order"), this Court denied plaintiffs' IFP applications as incomplete and directed plaintiffs to either (1) pay the Court's filing fee of four hundred and two dollars ($402.00) in full or (2) submit a completed, signed, and certified IFP Application. Dkt. No. 10. The Court cautioned that, if any plaintiff failed to comply with the terms of the July Order, within the time period specified, that plaintiff would be dismissed from this action without prejudice without further Order of this Court. *Id*. at 8.

Compliance or non-compliance, with the July Order by each plaintiff is discussed below.

## II.  FILING FEE REQUIREMENTS

### A.  Arrotta and Holliet

Arrotta and Holliet have wholly failed to comply with the July Order.[1]  Consequently, Arrotta and Holliet are dismissed as plaintiffs herein, and the Clerk shall edit the docket to reflect their dismissal.

### B.  Peters

Peters has submitted an IFP Application (Dkt. No. 11) and an inmate authorization form.  Dkt. No. 7.  "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Peters' IFP Application, he has demonstrated sufficient economic need.  *See* 28 U.S.C. § 1915(a)(2).  Peters has also filed the inmate authorization form required in this District.  Dkt. No. 7.  Accordingly, Peters' IFP Application is granted.[2]  Having found that Peters meets the financial criteria for commencing this action IFP, and because Peters seeks relief from an officer or employee of a governmental entity, the Court must

---

[1]  On July 6, 2022, the July Order was mailed to plaintiffs.  Dkt. No. 10.  On July 19, 2022, the July Order mailed to Holliet was returned to the Court as undeliverable.  Dkt. No. 12.  The envelope was marked "Return to Sender - No Longer Incarcerated".  *Id*.

[2]  Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  The Court has reviewed Peters' litigation history on the Federal Judiciary's Public Access to Court Electronic Records (PACER) Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review that Peters had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C.

§§ 1915(e) and 1915A.

## III.    SUFFICIENCY OF THE COMPLAINT

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court

determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

immune from such relief."  28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d

Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners

against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules

of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading

which sets forth a claim for relief shall contain, among other things, "a short and plain

statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P.

8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to

---

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B.  Summary of the Complaint

The incidents that form the basis for the complaint allegedly occurred while Peters was confined as a pre-trial detainee at Ulster C.J. in 2021 and 2022.  Compl. at 3, 5.  Peters alleges the following facts in the complaint.

Peters asserts that the Islamic observance of Ramadan began on April 1, 2022.  Compl. at 6.  In order to appropriately observe Ramadan, Peters was required to eat his morning meal prior to sunrise and then begin a day of fasting.  *Id*.  However, Peters did not receive his meals until thirty minutes after sunrise.  *Id*.  As a result, Peters was deprived of his morning meal and forced to fast for "hours longer" than required.  *Id*.

Peters also alleges that defendants served food that was "unclean, impure, and contaminated" with human hair, dirt, dust, pieces of plastic, and insects.  Compl. at 12.  Peters complained about the contaminated meals and, on some occasions, defendants would replace the meals, but only after excessive delays resulting in the "delay of religious action."  *Id*. at 13.  On other occasions, defendants would refuse to replace the contaminated food.  *Id*.

Peters also requested a Halal diet, which is a requirement of the Islamic culture.  Compl. at 7.  Peters' request was denied, which resulted in Peters "not eating for extended periods of time."  *Id.*  Defendants attempted to serve Kosher meals, claiming that "[s]everal Imans, along with the food companies, verified the meals as consisting of Islamic appropriateness[.]"  *Id*.  Peters declined the meals.  *Id*.

Peters also requested an "Islamic leader/advisor of faith," Islamic literature, and a room to congregate to observe holy days, but his requests were also denied.  Compl. at 8-11.

Defendants "thwarted" Peters' attempt to obtain literature through Islamic Learning Centers and mosques because the material did not come from a recognized vendor, such as Amazon or Walmart. *Id*. at 9.

The complaint lists the Ulster County Sheriffs Department/Employees, Ulster County Jail Administration/Employees, Glatt Kosher Foods/Meat Mart, Trinity Food Services, Lieutenant John Does, Sergeant John Does, Corporal John/Jane Does, and Correction Officers John/Jane Does as defendants. Compl. at 1-4. Construed liberally,[4] the complaint contains First Amendment claims related to Peters' religious freedoms. *See generally* Compl. Peters seeks monetary damages. *See id.* at 16.

## C. Nature of Action

Peters seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. *Id*. (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived him of a federal right." *Id*.

---

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

## IV.   ANALYSIS

It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)); *Iqbal*, 556 U.S. at 676.  "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).  "[T]here is no special rule for supervisory liability," a "plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d. 609 (2d Cir. 2020).

### A.  First Amendment Claims

Construing the complaint liberally, Peters alleges that defendants denied him the right to exercise his religious beliefs.  Prisoners have long been understood to retain some measure of the constitutional protection afforded by the Free Exercise Clause of the First Amendment.  *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)); *see also Nolley v. County of Erie*, No. 07-CV-488S, 2008 W L 859165 (W.D.N.Y. Mar. 31, 2008) (applying First Amendment freedom of religion protections to a pretrial detainee).  "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id*. (citing *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).  A prisoner "must show at

8

the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591). A religious belief is "sincerely held" when the plaintiff subjectively, sincerely holds a particular belief that is religious in nature. *Ford*, 352 F.3d at 590. A prisoner's sincerely held religious belief is "substantially burdened" where "the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 476-77 (2d Cir.1996).

Here, even assuming Peters' religious beliefs were "sincerely held," the complaint lacks any facts establishing that his beliefs were "substantially burdened." The complaint contains vague accusations that Peters' religious requests were denied without specific dates, times, and facts suggesting that any named defendant was personally involved in the decisions to deny Peters' requests. The allegations, without more, fail to plausibly suggest that defendants burdened Peters' right to freely practice his religion. Thus, Peters' First Amendment claims against are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[5]

Even assuming the complaint sufficiently alleged a constitutional violation, Peters' claims against the Ulster County Sheriffs Department, Ulster County Jail Administration, and the Doe defendants are subject to dismissal.

---

[5] The Court need not decide whether Glatt Kosher Foods/Meat Mart and/or Trinity Foods Service were acting under color of state law within the meaning of 42 U.S.C. § 1983 because Peters fails to sufficiently allege a violation of his First Amendment rights.

**B.  Claims Against Ulster County Sheriffs Department/Employees and Ulster County Jail Administration/Employees**

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing § 1983 claim brought against the Lynbrook Police Department). Consequently, Peters' claims against the Ulster County Sheriffs Department/Employees and Ulster County Jail Administration/Employees are dismissed.  *See Ognibene v. Niagara Cnty. Sheriff's Dep't*, 117 Fed. App'x 798, 799 (2d Cir. 2005).  In deference to Peters' pro se status, the Court will construe the claims against the Ulster County Sheriffs Department/Employees and Ulster County Jail Administration/Employees as if they had been brought against Ulster County.

It is well-settled that municipal liability may not be founded solely on a municipality's employment of a tortfeasor; in other words, the municipality may not liable pursuant to Section 1983 under the theory of respondeat superior.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)*.*  "Naked boilerplate allegations against a city are not sufficient to demonstrate a custom, practice or policy of conducting unlawful arrests."  *See Brown v. City of New York*, No. 12-CV-3146, 2014 WL 5089748, at \*9, n.12 (S.D.N.Y. Sept. 30, 2014). Rather, a municipality to be held liable under Section 1983, a plaintiff must allege that the defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom or practice.  *Monell*, 436 U.S. at 690-91.  Here, Peters fails to sufficiently allege any policy or custom that is "so widespread to have a force of law."  *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).  The complaint lacks any facts

10

plausibly suggesting that Ulster County created or enforced a policy of unconstitutional acts or knew of and disregarded any unconstitutional acts perpetrated by individual defendants. *See Velasquez v. City of New York*, No. 12-CV-4689, 2012 WL 5879484, at *4 (E.D.N.Y. Nov. 21, 2012) (holding that the plaintiff did not "allege any facts from which this Court can construe any allegation of a failure of the City of New York policymakers to properly train or supervise their subordinates amounting to 'deliberate indifference' to the rights of those who come in contact with their employees").  Accordingly, Peters' claims against Ulster County are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## C.  Personal Involvement

Peters identified Lieutenants John Does, Sergeants John Does, Corporals John/Jane Does, and Officers John/Jane Does as defendants in the list of parties.  Compl. at 1, 3. However, these defendants are not referenced anywhere in the body of the complaint or causes of action.  Because Peters has not pleaded facts suggesting that the aforementioned defendants were personally involved in any conduct that violated Peters' constitutional rights, the complaint fails to state a cognizable claim against them.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

## V.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Arrotta and Holliet and are terminated as plaintiffs herein for their failure to comply with the July Order.  The Clerk shall amend the docket accordingly; and it is further

**ORDERED** that, if Peters wishes to proceed with this action, he must file an amended complaint as set forth above within **thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if Peters timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that, if Peters fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiffs in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

September 14, 2022
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge