UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEON PETERS,

              Plaintiff,

        -v-                      9:22-CV-638

ULSTER COUNTY SHERIFF'S
DEPARTMENT/EMPLOYEES, et al.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

LEON PETERS
Plaintiff, *Pro Se*
22-R-1965
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York

SOKOLOFF STERN LLP          KIMBERLY H. LEE, ESQ.
P.O. Box 509
63 Washington Street
Poughkeepsie, NY 12602-0509
Albany, New York 12224
*Attorney for Defendants*

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 31, 2022, plaintiff Leon Peters[1] ("plaintiff"), acting *pro se*, commenced an against the Ulster County Sheriff's Department, the Ulster County Jail, Glatt Kosher Foods, and Trinity Foods Service (collectively, "defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983"), for violating plaintiff's rights under the Free Exercise Clause of the First Amendment. Dkt. No. 1. That same day, plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. Plaintiff's IFP application was denied as incomplete. Dkt. No. 10. Plaintiff subsequently filed a completed, signed, and certified IFP application. Dkt. No. 11. On September 14, 2022, United States Senior District Court Judge Gary L. Sharpe granted plaintiff's IFP application and gave plaintiff leave to file an amended complaint. Dkt. No. 14.

Upon review, Judge Sharpe liberally construed plaintiff's complaint to assert Section 1983 claims under the Free Exercise Clause of the First Amendment. Dkt. No. 14 at 7. However, Judge Sharpe ultimately concluded that plaintiff failed to plausibly allege that his religious beliefs had been "substantially burdened." *Id.* at 9. Judge Sharpe also liberally construed plaintiff's complaint to assert *Monell* claims for denial of religious benefits in

---

[1] Both Christoper Arotta and Donovan Holliet, Jr. were also named plaintiffs in this original complaint but have since been terminated from this action leaving Leon Peters as the sole remaining plaintiff. Dkt. No. 14.

- 2 -

violation of the Free Exercise Clause of the First Amendment against the County of Ulster.[2] *Id.* at 8–11. Nevertheless, because plaintiff failed to plausibly allege the County of Ulster either "created or enforced a policy of unconstitutional acts or knew of and disregarded any unconstitutional acts perpetrated by individual defendants," his *Monell* claims were dismissed. Dkt. No. 14 at 10. All other claims were dismissed without prejudice. *See generally id.*

On January 3, 2023, plaintiff filed an amended complaint. Dkt. No. 23. This amended pleading reiterated plaintiff's First Amendment claims and added a new cause of action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. On February 3, 2023, Judge Sharpe conducted a sufficiency review of the amended complaint. Dkt. No. 24. Upon review of the amended complaint, Judge Sharpe concluded that plaintiff failed to cure the deficiencies with respect to his First Amendment claim and dismissed the claim. *Id.* at 4–5. Judge Sharpe also dismissed plaintiff's RLUIPA claims seeking only monetary damages becaues RLUIPA does not allow for money damages. *Id.* at 5–6.

---

[2] Judge Sharpe held that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and, therefore, cannot sue or be sued." Dkt. No. 14 at 10. Nevertheless, in deference to plaintiff's *pro se* status, the Court construed claims against the Ulster County Sheriffs Department and Ulster County Jail Administration as if they had been brought against the County of Ulster.

Plaintiff appealed the dismissal of his amended complaint to the Court of Appeals for the Second Circuit. Dkt. Nos. 26–27. On July 27, 2023, the Second Circuit vacated in part and remanded plaintiff's complaint.[3] Dkt. No. 28. On February 21, 2024, this case was reassigned to United States District Court Judge David N. Hurd for all further proceedings. Dkt. No. 43.

On March 1, 2024, defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[4] Dkt. No. 44. Plaintiff opposed. Dkt. No. 48.

After reviewing both the motion and opposition, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that: (1) defendants' motion should be granted; (2) defendants Ulster County Sheriff's Department and Ulster County Jail be terminated from this action; (3) the County of Ulster be substituted in place of the two terminated

---

[3] The Second Circuit found that the District Court: (1) failed to address whether Ulster County Jail employees should be treated as state officials for the purpose of sovereign immunity; (2) did not address whether appellant sufficiently alleged either personal involvement under Section 1983 or an official policy or custom under *Monell v. Dep't of Social Services*; and (3) failed to consider whether appellant asserted other causes of action, *e.g.*, an Establishment Clause claim, and equal protection claims, or any other forms of free exercise claims. Dkt. No. 28 at 1–2.

[4] In support of their motion, defendants argue that: (1) named defendants Ulster County Sheriff's Department and Ulster County Jail are merely administrative agencies of the County of Ulster, *i.e.*, they cannot be sued; (2) that Plaintiff failed to exhaust administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"); (3) RLUIPA does not authorize claims for money damages; (4) Plaintiff failed to plead the personal involvement of any defendant with respect to the alleged constitutional deprivations; (5) plaintiff fails to plead a cognizable Free Exercise claim; (6) plaintiff did not adequately allege an Establishment Clause claim; (7) to the extend the complaint is construed as raising a claim against Corrections Officer Hunt, he is entitled to qualified immunity; and (8) County of Ulster is immune from punitive damages. Dkt. No. 44-6 at 10–18.

defendants; (4) the Court require an answer to plaintiff's amended complaint[5]; and (5) plaintiff be afforded leave to amend the operative pleading to the extent he seeks to assert a First Amendment Free Exercise claim against any individual defendant pursuant to Section 1983. Dkt. No. 58. Judge Dancks also recommended that plaintiff's motion to appoint counsel be denied.[6] *Id*.

Plaintiff has not lodged objections and the time period in which to do so has expired. Dkt. No. 58.

Upon review for clear error, Judge Dancks's R&R will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 58) is ACCEPTED and ADOPTED in all respects;

---

[5] But only to the extent that the Amended Complaint asserts either a First Amendment Free Exercise claim or a Fourteenth Amendment Equal Protection claim against the County of Ulster.

[6] Judge Dancks noted that plaintiff's motion failed to show he was unable to obtain counsel through the private sector or public interest firms. Dkt. No. 58 at 20. Furthermore, though Judge Dancks indicated that plaintiff's case *may* be of substance, this matter remains in the early stages of the litigation process and that plaintiff appears able to effectively litigate this action at this early stage. Dkt. No. 58 at 20–21.

2.  Defendants' motion to dismiss (Dkt. No. 44) is GRANTED as to defendants Ulster County Sheriff's Department and Ulster County Jail and the parties shall be terminated from this action;

3. The County of Ulster shall be substituted in place of defendants Ulster County Jail and Ulster County Sheriff's Department;

4. Plaintiff is directed to serve a copy of the summons and amended complaint upon defendant County of Ulster;

5. Defendant shall file an answer to the amended complaint to plaintiff's amended complaint to the extent that it asserts the following claims: (1) a First Amendment Free Exercise claim against defendant County of Ulster; and (2) a Fourteenth Amendment Equal Protection claim against defendant County of Ulster;

5. Plaintiff shall be afforded thirty (30) days to amend the operative pleading insofar as plaintiff seeks to assert a First Amendment Free Exercise claim against any individual defendant(s), pursuant to Section 1983; and

6. Plaintiff's motion to appoint counsel (Dkt. No. 49) is DENIED without prejudice.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

                                                                          David N. Hurd
                                                                          U.S. District Judge

Dated:  March 19, 2025
            Utica, New York.