UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEON PETERS,

        Plaintiff,

        -v-                9:22-CV-638

ULSTER COUNTY SHERIFF'S
DEPARTMENT/EMPLOYEES,
et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

LEON PETERS
Plaintiff, Pro Se
22-R-1965
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

SOKOLOFF STERN LLP        KIMBERLY H. LEE, ESQ.
Attorneys for Defendants
P.O. Box 509
63 Washington Street
Poughkeepsie, NY 12602-0509

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 31, 2022, plaintiff Leon Peters, acting *pro se*, commenced a twelve-count action, pursuant to 42 U.S.C. § 1983 ("§ 1983"), against the Ulster County Sheriff's Department, the Ulster County Jail Administration, Glatt Kosher Foods, and Trinity Food Service (collectively "defendants") for violating his rights under the Free Exercise Clause of the First Amendment. Dkt. No. 4. Along with his complaint, plaintiff filed an application to proceed *in forma pauperis*. ("IFP Application"). Dkt. No. 11.

After the action was transferred to this Court from the U.S. District Court for the Southern District of New York, Dkt. No. 8, plaintiff's IFP Application was granted by U.S. Senior District Judge Gary L. Sharpe. Dkt. No. 14. On January 3, 2023, plaintiff filed an amended complaint. Dkt. No. 23. On February 3, 2023, Judge Sharpe conducted a sufficiency review of plaintiff's amended complaint before dismissing it in its entirety for failure to state a claim. Dkt. No. 24.

Plaintiff appealed the dismissal to the U.S. Court of Appeals for the Second Circuit ("Second Circuit"). Dkt. Nos. 26–27. On July 27, 2023, the Second Circuit granted plaintiff's appeal in part, vacating and remanding plaintiff's surviving claims back to U.S. District Court for further review. Dkt. Nos. 28–29. On February 21, 2024, this case was reassigned to U.S. District Court Judge David N. Hurd for all further proceedings. Dkt. No. 43.

On March 1, 2024, defendants moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 44. After reviewing the motion and plaintiff's opposition, Dkt. No. 48, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that: (1) defendants' motion should be granted; (2) defendants Ulster County Sheriff's Department and Ulster County Jail be terminated from this action; (3) the County of Ulster be substituted in place of the Ulster County Sheriff's Department and Ulster County Jail; (4) Ulster County be required to file an answer to plaintiff's amended complaint insofar as the Amended Complaint asserted a First Amendment Free Exercise or Fourteenth Amendment Equal Protection claim against County of Ulster; and (5) plaintiff be afforded leave to amend the operative pleading to the extent that he asserts a First Amendment Free Exercise claim against any *individual* defendant pursuant to § 1983. Dkt. No. 58. On March 19, 2025, this Court accepted and adopted Judge Dancks' R&R in all respects. Dkt. No. 59. On April 2, 2025, defendant County of Ulster filed an answer. Dkt. No. 60. Plaintiff has since filed both second and third amended complaints, asserting claims against unidentified Ulster County Sergeant "Jane Doe." Dkt. Nos. 64, 67.

On September 3, 2025, Judge Dancks issued a second R&R, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, designating plaintiff's third amended

complaint as the operative pleading insofar as it brings a First Amendment Free Exercise claim against Ulster County Sergeant Jane Doe, in addition to plaintiff's First Amendment Free Exercise and Fourteenth Amendment Equal Protection Clause claims against defendant County of Ulster.  *See* Dkt. Nos. 66–67.

Neither party has lodged an objection, and the time do so has passed.  Upon review for clear error, Judge Dancks's second R&R will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 69) is ACCEPTED;

2. Plaintiff's Third Amended Complaint (Dkt. No. 67) is accepted as the operative pleading in this matter to the extent that it asserts a First Amendment Free Exercise claim against defendant County of Ulster Sergeant Jane Doe;[1]

3. Defendant County of Ulster shall file an answer to the Third Amended Complaint within twenty-one (21) days of the entry of this Order; and

---

[1] But as stated *supra*, plaintiff's First Amendment Free Exercise and Fourteenth Amendment Equal Protection Clause claims against County of Ulster also survive and will also be permitted to proceed.

- 4 -

4. Plaintiff may serve discovery requests upon defendant County of Ulster for the limited purpose of identifying defendant County of Ulster Sergeant Jane Doe; and

5. Plaintiff shall have sixty (60) days from the date on which he is served this Order to file a Fourth Amended Complaint substituting the true name of defendant County of Ulster Sergeant Jane Doe or otherwise show good cause in writing as to why they have not done so.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 25, 2025
       Utica, New York.