**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LEON PETERS,

                  Plaintiff,

                -v-                              9:22-CV-638 (DNH/CBF)

COUNTY OF ULSTER _et al._,

                  Defendants.

_____

**APPEARANCES:**                                **OF COUNSEL:**

LEON PETERS
Plaintiff, Pro Se
22-R-1965
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

SOKOLOFF STERN LLP                    KIMBERLY H. LEE, ESQ.
Attorneys for Defendants
80 Washington Street, Suite 100
Poughkeepsie, NY 12601

**Hon. David N. Hurd, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On May 31, 2022, _pro se_ plaintiff Leon Peters ("Peters") and two other unrepresented in-dividuals filed this 42 U.S.C. § 1983 action in the Southern District of New York alleging that defendants violated his civil rights while he was confined at the Ulster County Jail. _See_ Dkt. Nos. 1–7. Along with the complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application"). _See id_.

Because plaintiffs had mislaid venue in the Southern District of New York, the matter was _sua sponte_ transferred to this judicial district. Dkt. Nos. 8, 9. The matter was initially assigned to

U.S. District Judge Gary L. Sharpe, who dismissed the other named plaintiffs, granted plaintiff's IFP Application, and afforded him leave to file an amended complaint. Dkt. No. 14. After plaintiff did so, Dkt. No. 23, Judge Sharpe dismissed plaintiff's amended complaint for failure to state any plausible claims for relief. Dkt. No. 24.

Plaintiff appealed. Dkt. No. 26. There, a panel of the U.S. Court of Appeals for the Second Circuit vacated in part and remanded the case for further proceedings. Dkt. Nos. 28, 29. In accordance with the Mandate, Judge Sharpe reopened the file and directed defendants to respond to plaintiff's: (1) First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims; (2) Establishment Clause claims; and (3) Equal Protection claims. Dkt. No. 30.

The matter was later reassigned to this Court. Dkt. No. 43. In response to Judge Sharpe's order, counsel appeared on behalf of certain defendants and moved to dismiss plaintiff's remaining claims. Dkt. No. 44. After the motion was fully briefed, Dkt. Nos. 48, 50, the assigned magistrate judge advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted in part. Dkt. No. 58.

In particular, the R&R advised that: (1) defendant County of Ulster be substituted in place of named defendants Ulster County Jail and Ulster County Sheriff's Department; (2) defendant be directed to answer plaintiff's amended complaint to the extent it asserted Free Exercise and Equal Protection claims against County of Ulster; and (3) plaintiff be given leave to further amend to the extent he sought to assert a First Amendment Free Exercise claim against any individual defendant at the Ulster County Jail or Sheriff's Department. *See* Dkt. No. 58.

On March 19, 2025, this Court adopted the R&R. Dkt. No. 59. Thereafter, defendant County of Ulster answered, Dkt. No. 60, plaintiff filed a second amended complaint, Dkt. No. 64,

and then, after receiving instructions from the assigned magistrate judge, Dkt. No. 66, plaintiff filed a third amended complaint as well, Dkt. No. 67.  Thereafter, the magistrate judge conducted an initial review of the third amended complaint and advised by R&R that the pleading be accepted for filing to the extent it asserted: (1) First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims against County of Ulster; and (2) a First Amendment Free Exercise claim against Ulster County Sergeant Jane Doe.  Dkt. No. 69.

This Court adopted the second R&R, too.  Dkt. No. 71.  As relevant here, the Order on the R&R permitted plaintiff to serve discovery requests on defendant County of Ulster for the limited purpose of identifying the Jane Doe defendant.  *Id*.  In addition, plaintiff was given sixty days in which to either file a fourth amended pleading identifying the true name of the Doe defendant or to show good cause in writing why he had not yet done so.  *Id*.  Thereafter, the County of Ulster moved to dismiss.  Dkt. No. 72.

On March 20, 2026, U.S. Magistrate Judge Carla B. Freedman advised by R&R that defendant County of Ulster's motion to dismiss be granted and plaintiff's third amended complaint be dismissed *without* leave to further amend.  Dkt. No. 80.  There, Judge Freedman explained that plaintiff had not plausibly alleged any basis for municipal liability against the County of Ulster, which is subject to the relatively demanding standard first articulated by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

In addition, Judge Freedman pointed out that plaintiff had failed to timely identify the Doe defendant or show good cause for why he had not done so.  Accordingly, Judge Freedman advised that the Doe defendant should be dismissed as well.  Finally, in light of the fact that plaintiff had been given multiple opportunities to amend his complaint but had not yet identified a plausible claim for relief, Judge Freedman recommended dismissal without further leave to amend.

Neither party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 80. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 80) is ACCEPTED;

2. Defendant County of Ulster's motion to dismiss (Dkt. No. 72) is GRANTED; and

3. Plaintiff's third amended complaint (Dkt. No. 67) is DISMISSED without leave to further amend.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 14, 2026
    Utica, New York.

David N. Hurd
U.S. District Judge